UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWN LEE GODWIN,<br><br>Plaintiff,<br><br>v.<br><br>STUART ANDREWS, M.D., *et al.*,<br><br>Defendants. | Case No. C18-431-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff, an inmate at the Snohomish County Jail, has filed suit against Snohomish County ("the County"), as well as Snohomish County Jail employees Debbie Bellinger, RN, Stuart Andrews, M.D., and Alta Langdon, ARNP.  Dkt. 6.  The County is represented by separate counsel than the individual defendants in this action, and has now filed a motion to dismiss.  Dkt. 14.  The Court, having reviewed the County's pending motion to dismiss, plaintiff's opposition, the County's reply,

REPORT AND RECOMMENDATION
PAGE - 1

and the balance of the record, concludes that the motion to dismiss should be granted, and that plaintiff's complaint should be dismissed as to defendant Snohomish County.[1]

## II.   DISCUSSION

### A. Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* By contrast, a claim will be dismissed where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *SmileCare Dental Group v. Delta Dental Plan of Cal.,* 88 F.3d 780, 782–83 (9th Cir. 1996). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Moreover, vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] In the Court's April 9, 2018 Order Directing Service on Individual Defendants, the Court declined serve ARNP Langdon because "plaintiff has not described any specific acts of ARNP Langdon that harmed plaintiff's federal constitutional rights." Dkt. 7 at 2. Plaintiff was granted leave to file an amended complaint describing how ARNP Langdon caused plaintiff harm of constitutional dimension within thirty days if he still wanted ARNP Langdon to be served as a defendant. However, ARNP Langdon answered plaintiff's complaint on June 8, 2018, admitting that she is a named party to this lawsuit. Dkt. 18.

In order to sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir.1991).  A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.*  A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (citing *Monell,* 436 U.S. at 694).

B. <u>Plaintiff's Claims Against the County Should be Dismissed</u>

Plaintiff alleges in his complaint that "defendant Snohomish County does have in place or utilize an unconstitutional policy or widespread practice of denying inmates medically necessary treatment or physical therapy, without legitimate medical reasons, in violation of Plaintiff's 8th and 14th Amendment rights."  Dkt. 6 at 9.

The County argues in its motion to dismiss that plaintiff has not adequately alleged a cause of action against the County, because "plaintiff's complaint contains no facts which could support a finding of a pattern, practice, or custom giving rise to municipal liability under 42 U.S.C. § 1983."  Dkt. 14 at 1-2.  Specifically, plaintiff asserts that "notably absent from his complaint . . . is any factual allegation identifying or supporting the existence of such a policy or custom of Snohomish County." *Id*. at 2.  The County points out that municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality. *Id*.  Even if there is not an explicit policy, a plaintiff may be able to establish

municipal liability upon a showing that there is a permanent and well-settled practice by the municipality which gave rise to the alleged constitutional violation. *See City of St. Louis v. Praprotinik*, 485 U.S. 112, 127 (1988). However, the County asserts that all the factual allegations in plaintiff's complaint concern specific instances of misconduct by employees regarding plaintiff's medical needs, but no facts which could establish either a specific policy or well-settled practice of the County. Dkt. 13 at 3.

Plaintiff responds that "Snohomish County is liable because the individual defendants identified in his complaint "ARE the pattern, practice, or custom. Plaintiff argues that Snohomish County is liable in this situation because policy puts decisions into these individuals' hands. So they ARE the policy." Dkt. 16 at 1. Plaintiff further argues that he utilized the County's grievance procedure to notify the County of its "employees' negligence as individuals and was still neglected the medical attention that was recommended by the specialist that Snohomish County sent Plaintiff to for special care." *Id*. at 2. As a result, plaintiff argues that the County was made aware of "the actions of the individuals and chose not to act on the individuals' negligence." *Id.*

The County's motion to dismiss, Dkt. 14, is GRANTED. Apart from plaintiff's conclusory assertion that the County "does have in place or utilize an unconstitutional policy or widespread practice of denying inmates medically necessary treatment or physical therapy," plaintiff has not made any factual allegations identifying or supporting the existence of such a policy, custom, or well-settled practice. Plaintiff's assertion that the alleged negligence of the County's employees establishes such a policy or practice, and is sufficient to establish municipal liability under § 1983, is incorrect. As noted above, municipal liability must rest of the actions of the municipality, not the actions of the employees. *See Board of Comm'rs of*

*Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). *See also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that to impose liability on a local government under § 1983, the plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury).

Accordingly, plaintiff's complaint fails to allege facts which could establish a pattern, practice or custom giving rise to municipal lability under § 1983. Indeed, plaintiff's response to the County's motion confirms that the individual defendants, rather than the County, are the moving force behind the alleged constitutional violations in this action.

### III.   CONCLUSION

For the foregoing reasons, this Court recommends that the County's motion to dismiss, Dkt. 14, be granted, defendant Snohomish County be DISMISSED with prejudice, and this action proceed only against RN Bellinger, Dr. Andrews, and ARNP Langdon. A proposed order accompanies this Report and Recommendation

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **August 10, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 17, 2018.**

\\

\\

\\

\\

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 20th day of July, 2018.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge