UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWN LEE GODWIN, | Case No. C18-431-RSM-JPD |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS |
| v. | |
| STUART ANDREWS, M.D., et al., | |
| Defendants. | |

This matter comes before the Court on plaintiff's motion for extension of time to respond to defendants' motion for summary judgment, motion requesting discovery, and motion for appointment of counsel. Dkts. 26-28. The Court, having reviewed plaintiff's motions, defendants' opposition, and the balance of the record, hereby GRANTS plaintiff's request for an extension of time in part, Dkt. 26, STRIKES plaintiff's motion requesting discovery, Dkt. 27, because his discovery requests should be properly directed to the named defendants, and DENIES his motion for appointment of counsel, Dkt. 28.

Specifically, defendants filed their motion for summary judgment in this case, Dkt. 21, on August 9, 2018, several months before the October 12, 2018 discovery cutoff in this 42 U.S.C. § 1983 civil rights action. As a result, plaintiff requests a ninety-day extension of time to respond to defendants' motion to allow him sufficient time to obtain documents, records, and other evidence to support his claims from defendants. Dkt. 26. Indeed, it appears that no discovery has been conducted in this case to date, and plaintiff should be afforded an

ORDER
PAGE - 1

opportunity to support his claims. Accordingly, plaintiff's request for an extension of time is GRANTED IN PART. Plaintiff shall have sixty (60) days from the date of this Order to respond to defendants' motion for summary judgment. Plaintiff shall file his response by no later than **Monday, November 19, 2018**, and defendants may file a reply by no later than Friday, November 30, 2018. The Clerk is therefore directed to RE-NOTE defendants' motion for summary judgment, Dkt. 21, for consideration on **Friday, November 30, 2018.**

Although plaintiff is correct that he is entitled to discovery in this action, his motion requesting discovery of documents from defendant Stuart Andrews, M.D., Dkt. 27, is STRICKEN. Plaintiff's motion is, in effect, a discovery request, and discovery requests are not to be filed with the Court. *See* Fed. R. Civ. P. 5(d)(1). Plaintiff must direct his request to the party or entity from whom he wishes to obtain the requested materials in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26-36, 45.

Finally, plaintiff's motion for appointment of counsel, Dkt. 28, is DENIED. No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*,

ORDER
PAGE - 2

789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, the Court finds that plaintiff has failed to demonstrate that exceptional circumstances warrant the appointment of counsel at this time. To date, plaintiff has yet to offer evidence to suggest that this case is likely to succeed on the merits. In addition, it is not clear that plaintiff is unable to articulate the legal and factual bases of his claims. Accordingly, the Court concludes that appointment of counsel is not appropriate at this time. Plaintiff will be free to move for appointment of counsel, if necessary, at a later date.

The Clerk of the Court is directed to send a copy of this Order to plaintiff and the Honorable Ricardo S. Martinez.

DATED this 26th day of September, 2018.

JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 3